687 So.2d 420 (1996)
Cynthia KERRY, Plaintiff-Appellant
v.
Charles F. BASCO, Frances N. Basco and State Farm Fire and Casualty Insurance Company, Defendants-Appellees.
No. 96-289.
Court of Appeal of Louisiana, Third Circuit.
October 9, 1996.
*421 Thomas Wells, Alexandria, for Cynthia Kerry.
John Gutierrez McLure, Alexandria, for Charles F. Basco et al.
William Howard Reinhardt, Jr., William Martin McGoey, Metairie, for Auth-Chlor Services, Inc.
Before THIBODEAUX, COOKS and AMY, JJ.
THIBODEAUX, Judge.
In this personal injury case plaintiff, Cynthia Kerry, appeals the judgment of the trial court in favor of the defendants, Charles Basco and his wife Frances Basco, as well as their homeowners insurer, State Farm Fire and Casualty Company. The trial court found that Ms. Kerry failed to prove that an armadillo hole Mr. and Mrs. Basco's backyard constituted an unreasonable risk of harm. We agree with the trial court and affirm.

ISSUE
We must decide whether a hole in the backyard of rural residential property, caused by armadillo rootings, constitutes an unreasonable risk of harm to a person visiting the property whose foot goes into the hole and who consequently suffers personal injury.

FACTS
On August 19, 1993, Ms. Kerry visited the Basco home. Mrs. Basco operated a day care center in her home and she was on the deck located at the rear of the home with some of the children in her care. Ms. Kerry and Mrs. Basco sat on the patio until the day care children were picked up by their parents. Ms. Kerry's child and Mrs. Basco's grandchild wanted to play kickball in the yard just beyond the deck. The Basco's back yard sloped in the rear toward and was adjacent to the woods.
In the lower part of the yard, the Bascos grew a garden. Sometimes, during the summer, armadillos would go to the moist areas of the yard and dig around for grubs leaving holes as evidence of their presence. The Bascos testified that they never had a problem with armadillo holes near the deck area of the yard which was close to the house. The armadillos were attracted to wet areas and the flower bed had been wet because the Bascos watered the garden overnight by use of a soaker hose.
While Mrs. Basco went inside the house to start the evening meal, Ms. Kerry and the children went in the yard to play kickball. The grass was about ankle deep. Ms. Kerry was the pitcher in the kickball game which meant that she rolled the ball toward the batter who then kicked the ball. After kicking the ball, the batter runs around the diamond touching the bases as in baseball. Ms. Kerry testified that third base was located near the deck of the Bascos' house. The game had been going on for approximately ten minutes and Ms. Kerry did not see any holes. One of the children kicked the ball and another ran to third base. Ms. Kerry got the ball and tried to tag the runner out at third base. While running in the direction of third base, Ms. Kerry stepped in a hole, twisted her leg which, in turn, popped her right knee out of place and caused her to fall. Ms. Kerry testified that prior to tripping in the hole, she did not see it because she had not run toward third base. However, Ms. Kerry designated that area as third base. Ms. Kerry further testified that the hole came half way up her foot and was about four to six inches wide.
Ms. Kerry required surgery on her right knee and underwent a long period of convalescence. She filed suit against the Bascos under theories of strict liability and negligence. The trial court found that the Bascos were not negligent because prior to August 19, 1993, there were never any armadillo *422 holes in the area near the house where Ms. Kerry fell. Moreover, the trial court found that the armadillo holes did not pose an unreasonable risk of harm to a social guest; therefore, the Bascos were not held strictly liable.

LAW AND DISCUSSION
When an individual is injured as a result of an unreasonably dangerous condition existing on the landowner's property, he can recover damages under either La.Civ. Code art. 2315, which is the basis of general negligence liability, or under La.Civ.Code art. 2317, which provides for a strict liability theory of recovery. Owners and occupiers of land have a duty to discover any unreasonably dangerous conditions existing on their premises and to either correct those conditions or warn potential victims of their existence. Silliker v. St. Landry Parish Police Jury, 520 So.2d 880 (La.App. 3 Cir.1987).
The difference in proof between negligence under La.Civ.Code art. 2315 and strict liability under La.Civ.Code art. 2317 is that under Article 2315, one must show that the owner, or person in custody of the premises, either knew or should have known of the risk, whereas under Article 2317, a claimant is relieved of proving the defendant's scienter. Finley v. State Farm Insurance Co., 598 So.2d 537 (La.App. 1 Cir.1992). However, under either theory of liability, the plaintiff has the burden of proving that: (1) the property which caused the damage was in the custody of the defendant; (2) the property was defective because it had a condition that created an unreasonable risk of harm to persons on the premises; and, (3) the defect in the property was a cause in fact of the resulting injury. Morell v. City of Breaux Bridge, 94-1378 (La.App. 3 Cir. 5/31/95), 660 So.2d 882. The parties do not dispute the fact that the Bascos have custody of the yard or that Ms. Kerry fell in the hole, severely injuring her knee. The real question is whether the hole presented an unreasonable risk of harm.
Property owners are not insurers of the safety of visitors, but are only under a duty to keep their premises in a safe condition for use in a manner consistent with the purposes for which the premises are intended. David v. Reon, 520 So.2d 820 (La.App. 3 Cir.1987), writ denied, 522 So.2d 564 (La. 1988). Furthermore, not every minor imperfection or irregularity will give rise to strict liability. The defect must be of such a nature to constitute a dangerous condition, which would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances. Koppie v. Commercial Union Insurance Company, 478 So.2d 179 (La.App. 3 Cir.), writ denied, 479 So.2d 922 (La.1985). In other words, the landowner cannot be held responsible for any risk posed by his property, only those caused by an unreasonable risk of harm to others. David, 520 So.2d 820. In determining whether a given condition is unreasonably dangerous, the degree to which the danger may be observed by a potential victim who may then provide self-protection is a major factor. Silliker, 520 So.2d 880.
Ms. Kerry alleges that the Bascos are strictly liable for her injuries due to the existence of the armadillo rooting in the yard near the deck of the house. The mere presence of a hole is not in and of itself a defect for the purposes of strict liability. See Campbell v. Tidwell, 407 So.2d 1359 (La.App. 3d Cir.1981) (presence of foreign object on the premises is not defect in the absence of proof that the object created an unreasonable risk of harm.) In Stone v. Trade-Mark Homes, Inc., 431 So.2d 61 (La.App. 1 Cir. 1983), the first circuit affirmed the trial court's conclusion that a cup-shaped hole, about seven inches in diameter and three inches deep did not present an unreasonable risk of harm. Thus, Ms. Kerry must prove not only that the hole existed, but that the hole presented an unreasonable risk of harm to persons on the premises. In both negligence and strict liability cases, the reasonableness of the risk is determined by balancing the probability and magnitude of the risk against the utility of the thing. Under either theory of liability, the court must decide if the risk which causes the injury is within the ambit of protection of the duty. Farr v. Montgomery Ward and Company, Inc., 430 So.2d 1141 (La.App. 1 Cir.), writ denied, 435 So.2d 429 (La.1983).
*423 Ms. Kerry and the Bascos are friends and have been for several years. The Bascos have lived in the Tioga area for eighteen years. The Bascos and their next door neighbor had a problem with armadillos digging holes in their respective yards for the past several years. During especially dry years, the armadillos would seek out wet areas in the yard to dig for grubs. Never before had an armadillo dug holes near the house, the deck and/or the Bascos' flower garden. In determining whether the hole presented an unreasonable risk of harm, many factors must be considered, such as: (1) the probability of the risk occurring; (2) the gravity of the consequences if it does occur; and, (3) the burden of adequate precautions. Other related considerations include the social priorities attached to the particular conduct, the degree of culpability assignable to each party's conduct, the economic ability of the parties and their relationship to the instrumentality of injury, the foreseeability of the particular injury had the defect been known, the location of the incident, and the voluntariness or deliberateness with which the victim encounters the risk-creating thing. Verrett v. Cameron Telephone Co., 417 So.2d 1319 (La.App. 3 Cir. 1982).
In light of the above principles, a reasonable trier of fact might conclude that the probability and gravity of the risk of someone putting their foot in a small hole, falling and injuring their knee severely, is minimal. Conversely, the fact finder could conclude that the relative cost of the landowner's precautionserecting a fence around the garden, keeping a twenty-four hour watch over the wet areas of the yard to immediately spot an armadillo hole and fill it, warning every adult who chooses to play in the yard about the location of armadillo holes, keeping the grass below ankle height at all times, getting rid of the garden and/or not watering the garden during dry weatheris too great. As an adult, seeing that the grass had not been cut, it would have been an easy task for Ms. Kerry to ascertain the safety of the area in which she chose to play kickball and place third base. Thus, Ms. Kerry voluntarily encountered the risk-creating thing. Moreover, the duty which a landowner owes to persons entering his/her property is governed by a standard of reasonableness. Socorro v. City of New Orleans, 579 So.2d 931 (La.1991). Consequently, in the absence of an unreasonably dangerous condition, we find that the Bascos are not liable under a theory of strict liability or negligence.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed to plaintiff-appellant, Cynthia Kerry.
AFFIRMED.