h SULLIVAN, Judge.
Heather Kibodeaux sued J. D. and Maria Clifton and their insurer, Shelter Mutual Insurance Company (Shelter), for wrongful death and survivor damages, as a result of the drowning death of her three-year-old son, Damien Ledoux. After a trial, the jury assigned twenty-five percent fault to the Cliftons and seventy-five percent fault to Ms. Kibodeaux and awarded special damages only in the amount of $2,400.00 in funeral expenses. Ms. Kibo-deaux appeals the jury’s verdict. For the following reasons, we reverse the assignment of fault to the Chitons and dismiss Ms. Kibodeaux’s claims.
FACTS
Ms. Kibodeaux and her sons, Damien and Eric, lived in a mobile home with Ms. Kibodeaux’s sister, Sandy Kibodeaux, and Sandy’s friend, Crystal Ardoin. Sandy Ki-bodeaux and Ms. Ardoin leased the mobile home from the Cliftons. A man-made pond is situated on the leased property approximately eighty feet from the mobile home.
Prior to signing a lease with the Clif-tons, Ms. Kibodeaux and her children accompanied Sandy and Ms. Ardoin to view the property. According to Ms. Ardoin, Mr. Clifton told them at that time that they could not swim in the pond and offered to fill it in. They declined the offer because they liked the view of the pond. Ms. Ardoin also testified that Mr. Clifton warned them to keep a close eye on the children because of the pond. Mr. Clifton recalled offering to drain the pond, not fill it in, on two occasions. His offers were declined. He could not remember if Ms. Kibodeaux was present when he offered to drain the pond.
I {.On August 23, 1997, Ms. Kibodeaux went to the store to get cigarettes and a newspaper. Prior to leaving, she asked Ms. Ardoin and Natasha Stoddard, a visiting friend, to watch Damien while she was gone. When Damien heard that his mother was going to the store, he wanted to go. He asked three or four times in the presence of Ms. Ardoin and Ms. Stoddard to go with Ms. Kibodeaux. She denied his requests. When she walked out to her car, Damien followed and continued asking if he could go with her. She told him “no” and instructed him to stay by the porch if he remained outside. Damien watched her drive away.
When Ms. Kibodeaux returned from the store fifteen to thirty minutes later, Damien was not in the yard. As she entered the mobile home, she asked Ms. Ardoin and Ms. Stoddard where he was. Both answered that they thought he had gone with her. After a lengthy search involving a number of agencies and many people, Damien’s body was found in the pond.
After the jury verdict, Ms. Kibodeaux filed a motion for new trial or, in the alternative, a motion for judgment notwithstanding the verdict. The trial court denied both motions. She appeals and assigns as error the trial court’s failure to grant her motion for new trial and/or motion for judgment notwithstanding the verdict in light of: 1) Defendants’ impermissible references to her possible drug use; 2) the jury’s award of funeral expenses but no wrongful death damages; and 3) the jury’s award of funeral expenses but no survival damages.
Defendants answer the appeal and assign as error the trial court’s: 1) failing to grant their request for involuntary dismissal; 2) failing to list Natasha Stoddard and Crystal Ardoin on the verdict sheet as non-parties with potential fault; 3) instructing the jury regarding the attractive nuisance doctrine; and 4) refusing to allow the ^introduction of evidence proffered by Defendants. They also assign as error the jury’s assignment of twenty-five percent fault to J. D. and Maria Clifton.
Our findings on the issue of the Cliftons’ fault pretermit the need for discussion of the remaining issues raised by the parties; therefore, we address it first.
*115 DISCUSSION
Ms. Kibodeaux asserts that Defendants are liable under the theories of negligence and strict liability. La.Civ. Code arts. 2315 and 2317. The only difference between these two theories of recovery is the proof required for the plaintiff to prevail. Under the theory of negligence, a plaintiff must prove that the owner of the land knew or should have known of the risk presented by an element causing damage. Under the strict liability theory, no proof of knowledge is required. Oster v. Dep’t of Transp. & Dev., 582 So.2d 1285 (La.1991). “Under both theories, the absence of an unreasonably dangerous condition of the thing implies the absence of a duty on the part of the defendant.” Id. at 1288.
Under either theory of recovery, a plaintiff must prove: 1) the property causing damage was in the custody of the defendant; 2) a condition on the property created an unreasonable risk of harm to persons on the premises; and 3) the defect (condition causing an unreasonable risk of harm) was a cause in fact of plaintiffs injury. Kerry v. Basco, 96-289 (La.App. 3 Cir. 10/9/96); 687 So.2d 420. Custody is not at issue here, so we begin our discussion with whether the pond created an unreasonable risk of harm to persons on the premises.
Owners of land have a duty to discover any unreasonably dangerous conditions existing on their lands and to correct or warn of such conditions. Id. The duty owed |4by a landowner to persons on his property is governed by a standard of reasonableness. Socorro v. City of New Orleans, 579 So.2d 931 (La.1991).
[N]ot every minor imperfection or defect in a thing will give rise to delictual responsibility. The imperfection of the thing must be of such a nature as to constitute a dangerous condition that would be reasonably expected to cause injury to a prudent person using ordinary care under the circumstances. McBride v. Cracker Barrel Stores, Inc., 94-370 (La.App. 3 Cir. 11/2/94); 649 So.2d 465. A landowner is not an insurer against the possibility of an accident, the landowner must act as a reasonable person in view of the probability of injury to another. Lejeune v. Acadia Parish School Board, 517 So.2d 1030 (La.App. 3 Cir.1987).
Gray v. Economy Fire & Cas. Ins. Co., 96-667, pp. 8-9 (La.App. 3 Cir. 11/6/96); 682 So.2d 966, 971.
If the complained of condition is visible and obvious, it may not be unreasonably dangerous and the defendant may owe no duty to the plaintiff “since it is improbable that a potentially dangerous condition which is observable to all will cause injuries to an individual who exercises reasonable care.” Pitre v. Louisiana Tech Univ., 95-1466, p. 12 (La.5/10/96); 673 So.2d 585, 591.
A pond is analogous to a swimming pool. A swimming pool has been held not to be unreasonably dangerous and not to constitute an unreasonable risk of harm. Collins v. Whitaker, 29,324 (La.App. 2 Cir. 4/2/97); 691 So.2d 820. The court’s holding in Collins was based, in part, on the fact that the danger presented by a swimming pool, the risk of drowning, is open and obvious. At trial, Ms. Kibodeaux argued that the pond was unreasonably dangerous because three sides of the pond were vertical, not sloped. This is an aspect of the pond that is identical to a swimming pool.
| sWe conclude that the pond was not unreasonably dangerous. The pond, and the danger presented by it, were open and obvious. Further, a person, exercising ordinary care, would not reasonably be expected to be injured due to the presence of the pond on the property. Ms. Kibo-deaux failed to exercise ordinary care when she left Damien unsupervised outside the mobile home.
Ms. Kibodeaux also argued that the Cliftons should have filled in the pond *116 or fenced it. Because we have determined that the pond was not unreasonably dangerous, the Cliftons did not have a duty to do either.
In conclusion, the jury’s assessment of fault to the Cliftons constitutes manifest error. Accordingly, the jury’s assignment of twenty-five percent fault to the Cliftons is reversed, and Ms. Kibodeaux’s claims are dismissed. All costs of this matter are assessed to Ms. Kibodeaux.
REVERSED AND RENDERED.