**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

————————————

No. 01-31001
Summary Calendar

————————————

ROBERT DESANTIS,

Plaintiff-Appellant,

versus

WAL-MART STORES, INC., ET AL.,

Defendants,

WAL-MART STORES, INC., AMERICAN HOME ASSURANCE CO.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(No. 00-CV-1917)
_____
February 26, 2002

Before JOLLY, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This diversity case arises out of severe injuries sustained by
plaintiff Robert DeSantis when he was riding his bicycle in a Wal-
Mart parking lot and struck a concrete island. DeSantis sued Wal-
Mart and its liability insurer, claiming that the island was

————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

unreasonably dangerous.  The district court granted summary judgment to the defendants.  This appeal followed.

We review the district court's grant of summary judgment de novo, applying the same standard as the district court.  Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998).  Summary judgment is proper if there is no genuine issue as to any material fact.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Because our jurisdiction is based on diversity of citizenship, Louisiana law governs the plaintiff's claims.  To succeed under either a negligence theory or a strict liability theory, Louisiana law requires that DeSantis prove that (1) Wal-Mart had custody of the thing causing his injury; (2) that a condition on the property, here the island, created an unreasonable risk of harm; (3) that Wal-Mart knew or should have known that the island was unreasonably dangerous; and (4) that the unreasonably dangerous island caused DeSantis' injury.  Kibodeaux v. Clifton, 771 So. 2d 112, 115 (La. App. 3d Cir.), writ denied, 773 So. 2d 729 (La. 2000); Collins v. Whitaker, 691 So. 2d 820, 822 (La. App. 3d Cir. 1997).  The mere fact that a person was injured does not mean that a condition is unreasonably dangerous.  Deumite v. State, 692 So. 2d 1127, 1141 (La. App. 1st Cir. 1997).

2

As proof that the island was unreasonably dangerous, DeSantis offered the expert opinion of Dr. Ellie Francis, who opined that "the average attentive person riding a bicycle into the Wal-Mart parking lot . . . may not have seen the low contrast that defined the island . . . until it was too late to avoid collision with it." The district court implicitly excluded Dr. Francis' testimony, questioning its relevance and reliability. We review evidentiary rulings for abuse of discretion, United States v. Cantu, 167 F.3d 198, 203 (5th Cir.), cert. denied, 528 U.S. 818 (1999), and we find no such abuse here. Dr. Francis' opinion was premised on hypothetical circumstances. Her report speaks in terms of what an average, attentive person riding through the parking lot may or may not have seen. But the record indicates that DeSantis was neither average nor attentive: He admitted that he was familiar with the parking lot, having gone through it several hundred times, and that he does not recall any part of the incident because he was intoxicated. Dr. Francis' opinion thus offers little more than speculation about whether the island posed an unreasonable danger and, as such, lacks the indicia of evidence helpful to the trier of fact — relevance and reliability. See Gulliory v. Domtar Indus. Inc., 95 F.3d 1320, 1331 (5th Cir. 1996) ("Expert evidence based on a fictitious set of facts is just as unreliable as evidence based upon no research at all. Both analyses result in pure speculation."). Accordingly, we find that the district court, in its capacity as gatekeeper under Daubert, acted within its

3

discretion to reject this testimony.

DeSantis also offered the affidavit of Carol Ann Donovan, who stated that once she almost ran into the island. The fact that one person almost hit the island but ultimately averted an accident (presumably because she saw it before hitting it) does not demonstrate a genuine issue of material fact on the question whether the island was unreasonably dangerous. Summary judgment was appropriate in these circumstances.

The judgment of the district court is AFFIRMED.