_[jSULLIVAN, Judge.
Glenn LeBlanc and his wife appeal the trial court’s grant of summary judgment in favor of Donald Stelly and Louisiana Farm Bureau Casualty Insurance Company (Defendants). For the following reasons, we reverse.

Facts

On February 13, 1999, Glenn LeBlanc and his minor son, Gregory, were hunting rabbits with his beagles on property owned by Wanda Latiolais in Vermilion Parish. Ms. Latiolais had leased the property to Mr. Stelly who farmed rice and crawfish on a portion of the property. In February 1999, Mr. Stelly allowed Lod Hayes to farm crawfish in a pond situated on the property. While near the crawfish pond, Mr. LeBlanc’s beagles found and ate fish parts, which caused them to become ill; one of the dogs died.
Mr. LeBlanc contacted the Louisiana Department of Wildlife and Fisheries to *613 investigate the incident. The investigation revealed that methyl parathion, a poisonous agricultural pesticide, was found present on the fish around the pond. Aldicarb, another manufactured poison, was found on fish parts in the dead dog’s stomach. Mr. LeBlanc and his wife sued Defendants and Mr. Hayes for damages. Defendants filed a motion for summary judgment on the issue of liability which was granted by the trial court. The LeBlanes appeal.

Discussion

Summary Judgment

Appellate courts review summary judgments de novo, under the same criteria which govern a district court’s consideration of the appropriateness of summary judgment. See Potter v. First Fed. Sav. & Loan Ass’n of Scotlandville, 615 So.2d 318 (La.1993). The appellate court must determine whether “the pleadings, depositions, ^answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.Code Civ.P. art. 966(B). Summary judgment may be granted only if the mover has proved that no genuine issues of material fact exist and that he is entitled to judgment as a matter of law. Id. Despite the legislative mandate favoring summary judgments, “factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent’s favor.” Willis v. Medders, 00-2507, p. 2 (La.12/8/00); 775 So.2d 1049, 1050.
In their motion for summary judgment, Defendants assert entitlement to summary judgment for two reasons: 1) Mr. Stelly is immune from suit pursuant to the Recreational Use Statutes, La.R.S. 9:2791 and 9:2795; and 2) Mr. Stelly did not breach any duty that he owed to the LeBlanes. Opposing the motion for summary judgment, the LeBlanes argue that the Recreational Statutes are inapplicable to the facts of this case and that Mr. Stelly and Mr. Hayes had entered into a joint venture to farm crawfish, which rendered Mr. Stelly hable for Mr. Hayes’ actions.

Louisiana’s Recreational Use Statutes

“The Recreational Use Statutes were enacted to induce private owners of large acreages to open expanses of undeveloped lands for public outdoor, open land recreational purposes.... ” Monteville v. Terrebonne Parish Consol. Gov’t, 567 So.2d 1097, 1098 (La.1990). La.R.S. 9:2791(A) provides:
An owner, lessee, or occupant of premises owes no duty of care to keep such premises safe for entry or use by others for hunting, fishing, camping, hiking, sightseeing or boating or to give warning of any hazardous conditions, use of, structure or activities on such premises to persons entering for such purposes. If such an owner, lessee or occupant give permission to another to enter the premises for such 1 ¡¡recreational purposes he does not thereby extend any assurance that the premises are safe for such purposes or constitute the person to whom permission is granted one to whom a duty of care is owed, or assume responsibility for or incur liability for any injury to persons or property caused by any act of person to whom permission is granted.
In Keelen v. State, Dep’t of Culture, Recreation and Tourism, 463 So.2d 1287, 1290 (La.1985), the supreme court held that for an owner to be immune from liability under these statutes his property must be “undeveloped, nonresidential rural or semi-rural land areas” and the injury-causing condition must be a condition normally found in the “true outdoors.” The *614 LeBlancs argue that the property does not satisfy the first requirement because improvements have been made on it. In Keelen, the court addressed this criterion, stating:
The existence of some improvements on relatively undeveloped rural or semi-rural property does not change the character of the land so as to deprive its owner of the immunity granted by the statutes. Improvements such as shelters, toilet facilities, fireplaces, etc. are merely conveniences incidental to the use of the land for enumerated recreational activities and do not of themselves take property out of a rural, undeveloped classification. This view is reinforced by the fact that the definitions of “premises” in La.R.S. 9:2791 and of “land” in La.R.S. 9:2795 include “buildings, structures and machinery.”

Id.

The only improvements on the property were apparently made to facilitate the farming operations conducted on the property. There is no suggestion that this property is anything other than rural farm land which satisfies the first requirement of Keelen.
The LeBlancs next argue that the second criteria of Keelen is not satisfied because methyl parathion and aldicarb do not naturally occur in the “true outdoors.” This criterion was explained by the court in Keelen:
Examination of the characteristics of the land alone does not end the inquiry into whether the statutes apply to a particular factual Lsituation. The injury-causing condition or instrumentality must also be scrutinized. Again, reference to the types of recreational activities specified in the statutes (hiking, boating, horseback riding, etc.) indicates that the legislature envisioned immunity for landowners who offer them property for recreation that can be pursued in the “true outdoors.” When the injury-causing condition or instrumentality is of the type normally encountered in the true outdoors, then the statutes provide immunity. Conversely, when the instrumentality, whether found in an urban or rural locale, is of the type usually found in someone’s backyard, then the statutes afford no protection.
Id (footnote omitted).
According to Mr. Hayes, he used the methyl parathion, which is very toxic, to kill ants that got in his boat and on his bait fish. The evidence indicates that he may have used it to poison animals that interfered with his crawfishing operation. Additionally, there is an indication that he did not use it in accordance with the manufacturer’s directions and that he used it in a manner for which it was not intended to be used.
For these reasons, we conclude that there is an issue of material fact as to whether the “injury-causing instrumentality,” methyl parathion and/or aldicarb, occur in the “true outdoors.”

Did Mr. Stelly breach a duty owed to the LeBlancs?

In the petition, Mr. LeBlanc alleged that Mr. Stelly was “negligent in negligently poisoning his dogs[,] in failing to abide by the rules and regulation[s] controlling poisons, in failing to warn plaintiffs of the poison and in failing to do what should have been done to avoid the plaintiffs (sic) damages.”
Owners and occupiers of land have a duty to discover any unreasonably dangerous conditions existing on their premises and to either correct those conditions or to warn victims of their existence. Silliker v. St. Landry Parish Police Jury, 520 So.2d 880 (La.App. 3 Cir.1987). In a *615 situation such as the one presented here, the | Bplaintiff must prove that there was an unreasonably dangerous condition on the property, that the person sought to be held liable had custody of the premises, and that he knew or should have known of the unreasonably dangerous condition. LeJeune v. Riviana Foods, 97-1091 (La.App. 3 Cir. 2/18/98); 707 So.2d 1038, writ denied, 98-749 (La.5/1/98); 718 So.2d 418. We note that property owners are not insurers of the safety of visitors, but only owe a duty to keep their premises in a safe condition for use in a manner consistent with the purposes for which the premises are intended. David v. Reon, 520 So.2d 820 (La.App. 3 Cir.1987), writ denied, 522 So.2d 564 (La.1988).
In his affidavit submitted in support of his motion for summary judgment, Mr. Stelly stated that he sub-leased a portion of the property he leased from Ms. Latiolais to Mr. Hayes and that Mr. Hayes crawfished on that portion of the property. He also stated that he had no knowledge of Mr. Hayes’ use of the poison or of Ms. Latiolais’ permission to the LeBlancs to hunt on the land. In answers to interrogatories filed in opposition to his motion for summary judgment, Mr. Stelly described his arrangement with Mr. Hayes, stating: “Mr. Hayes helped Mr. Stelly in the field. Mr. Stelly did not have the money to pay Mr. Hayes so he gave him permission to fish in the pond.” Based on this evidence, we find that there are unanswered questions which preclude summary judgment. For example: 1) did Mr. Stelly relinquish full custody and control of the pond and surrounding area to Mr. Hayes and/or 2) does his agreement with Mr. Hayes render him responsible for Mr. Hayes’ acts?
The property leased by Mr. Stelly is a thirty-two acre tract. It contains a wooded area and six ponds. The evidence does not establish whether Mr. Hayes was J^crawfishing one or more of the ponds, but it indicates that methyl parathion was used at only one pond. Dead animals were found in the wooded area and on the edges of a canal situated between the ponds, which appear to be outside the immediate vicinity of the pond where the incident occurred. If Mr. Stelly did not relinquish full custody and control of the property to Mr. Hayes, it may be that the presence of dead animals on the property should have alerted him to Mr. Hayes’ use of poison.
For these reasons, the judgment of the trial court is reversed and the matter is remanded for further proceedings. All costs of this appeal are assessed to Donald Stelly and Louisiana Farm Bureau Casualty Insurance Company.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.