520 So.2d 820 (1987)
Toni DAVID, Plaintiff-Appellee,
v.
John REON and State Farm Casualty Company, Defendants-Appellants.
No. 86-1043.
Court of Appeal of Louisiana, Third Circuit.
November 4, 1987.
Writ Denied January 29, 1988.
*821 Glen D. Vamvoras and Homer Singleton, Lake Charles, for plaintiff-appellee.
Stockwell, Sievert, etc., Robert S. Dampf, Lake Charles, for defendants-appellants.
Before KNOLL and KING, JJ., and CULPEPPER, J. Pro Tem.[*]
KNOLL, Judge.
State Farm Fire & Casualty Company (hereafter State Farm), the homeowner's insurer of John Reon, appeals an adverse judgment in favor of Toni David for damages received when she fell through the ceiling of Reon's garage. The trial court found Reon negligent in failing to take precautions to prevent David from straying from the floored portion of the attic to an area which was not covered by any flooring material, but reduced David's $45,000 damage award by 20% for her comparative fault due to her inattentiveness. State Farm appeals, contending that the trial court erred: 1) in finding Reon negligent; 2) in assessing David with only 20% fault; and 3) in awarding David excessive damages. We reverse, finding no negligence on Reon.

FACTS
On April 1, 1984, David, a close friend of the Reons and a former resident of their home, visited Reon's residence with her husband. During the visit, David learned from Reon's daughter that there was a litter of kittens in the attic above the garage.
After Sunday dinner, David entered the den of the house and requested her husband, who was watching television with Reon, to go with her to see the kittens. David and her husband entered the garage, lowered the folding ladder from the trap door in the ceiling and entered the attic.
The attic was partially floored and an extra bedroom, fully enclosed, was constructed by Reon. A light suspended from the rafters illuminated the area outside the bedroom. The area adjacent to the bedroom was not floored and consisted of open joists. There was a 4' × 6' or 5 +' area near the bedroom without joists which Reon used to get building material into the attic when paneling was removed from the ceiling of the garage.
David's husband was the first to view the kittens who were in a box located outside the attic bedroom on a portion of the floor which was uncovered. He testified that he placed one foot on a joist and one hand on the exterior wall of the bedroom to steady himself as he looked at the kittens around the corner of the bedroom. David testified that she ducked under her husband's arm to look at the kittens and stepped forward assuming that the adjacent floor was also covered. As she stepped forward, she fell through the ceiling of the garage and landed on the concrete floor.

STRICT LIABILITY
David argued that Reon was strictly liable because of the partially floored attic. The trial court disagreed, finding that the fact that part of the attic was floored and the rest uncovered was not such a condition that posed an unreasonable risk of harm.
*822 David now contends that the trial court erred in this conclusion and urges that Reon's removal of joists to allow access for materials was the unreasonable risk of harm, not the fact, as found by the trial court, that that part of the attic was not floored.
To recover in strict liability under LSA-C.C. Arts. 2317 or 2322 against the owner of a building, the injured person must prove that the building or its appurtenances posed an unreasonable risk of injury to others, and that his damage occurred through this risk. Loescher v. Parr, 324 So.2d 441 (La.1976). In Entrevia v. Hood, 427 So.2d 1146 (La.1983), the Supreme Court explained:
"The requirement that an injured person in order to recover under Article 2317 or 2322 must prove that the risk from which his damage resulted posed an unreasonable risk of harm places a limitation on a building owner's strict liability. He cannot be held responsible for all injuries resulting from any risk posed by his building, only those caused by an unreasonable risk of harm to others."
Property owners are not insurers of the safety of visitors, but are only under a duty to keep their premises in a safe condition for use in a manner consistent with the purposes for which the premises are intended. Calhoun v. Royal Globe Ins. Co., 398 So.2d 1166 (La.App. 2nd Cir.1981). Not every minor imperfection or irregularity will give rise to strict liability. The defect must be of such a nature to constitute a dangerous condition, which would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances. Koppie v. Commercial Union Insurance Company, 478 So.2d 179 (La.App. 3rd Cir.1985), writ denied, 479 So. 2d 922 (La.1985).
David argues that Reon created an unreasonable risk of harm when he removed floor joists on a small portion of the uncovered floor. We disagree. Reon's improvement of the attic and his attendant problems of getting building material to that location, make his modification of the attic joists reasonable. Furthermore, since this modification was out of the way and away from the covered area it did not pose an unreasonable risk. Therefore, we find no error in the trial court's determination that the condition of the attic did not pose an unreasonable risk of harm.

NEGLIGENCE
State Farm argues that David failed to prove Reon was negligent.
In finding Reon 80% negligent the trial court concluded that because of the presence of the kittens it was forseeable that one of Reon's guests would stray onto the unfloored portion of the attic; therefore, his failure to take precautions to prevent his guest from straying into the uncovered area created an unreasonable risk of foreseeable harm.
The Supreme Court in Shelton v. Aetna Casualty & Surety Company, 334 So.2d 406 (La.1976), stated:
"Liability of a landowner under circumstances such as those involved in the instant case is based on the concept of fault under Article 2315 and 2316 of the Louisiana Civil Code. In order to determine whether liability exists under the facts of a particular case, this Court has adopted a duty-risk approach. Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972); Dixie Drive It Yourself System v. American Beverage Company, 242 La. 471, 137 So.2d 298 (1962). See Robertson, Reason Versus Rule in Louisiana Tort Law: Dialogues on Hill v. Lundin & Associates, Inc., 34 La.L.Rev. 1 (1973).
It is well settled that for alleged wrongful conduct to be actionable negligence it must be found to be a cause in fact of the resulting harm. Jones v. Robbins, 289 So.2d 104 (La.1974); Dixie Drive It Yourself System v. American Beverage Company, supra, Mixon v. Allstate Insurance Co., 300 So.2d 232 (La.App. 2d Cir.), writ refused, 303 So.2d 179 (La. 1974). This determination of whether the conduct complained of bears a causal connection in fact to the occurrence of the accident is properly made without reference to those policy considerations required when ascertaining liability by the duty-risk approach. Thus if the *823 plaintiff can show that he probably would not have suffered the injury complained of but for the defendant's conduct, he has carried his burden of proof relative to cause in fact. See Stewart v. Gibson Products Company of Natchitoches Parish Louisiana, Inc., 300 So.2d 870 (La.App. 3rd Cir.1974); Malone, Ruminations on Dixie Drive it Yourself versus American Beverage Company, 30 La.L.Rev. 363 (1970).

* * *
A finding that defendant's conduct was the cause in fact of plaintiff's injury, however, does not establish liability. In addition, we are required to ascertain whether the landowner breached a legal duty imposed to protect against the particular risk involved. Smolinski v. Taulli, 276 So.2d 286 (La.1973); Hill v. Lundin & Associates, Inc., supra; Pierre v. Allstate Insurance Co., 257 La. 471, 242 So.2d 821 (1971); Page v. Green, 306 So.2d 847 (La.App. 2d Cir.1975). In making this determination, the following inquiries must be made: (1) What, if any, duty was owed by the landowner to the plaintiff? (2) Was there a breach of this duty? (3) Was the risk, and harm caused, within the scope of protection afforded by the duty breached? Jones v. Robbins, supra; Hill v. Lundin & Associates, Inc., supra; Thomas v. Hanover Insurance Co., 321 So.2d 30 (La.App. 3rd Cir.1975)."
Furthermore, the court in Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976) surmised that the proper question in determining landowner liability is "`whether in the management of his property he has acted as a reasonable man in view of the probability on injury to others.'"
From the record before us it is clear that David's injury was not the result of any negligent act committed by Reon. The trial court emphasized that because Reon surfaced part of the attic floor, it was reasonable for someone to stray onto the uncovered portion in search of the kittens. Though it may have been foreseeable that a visitor would want to see the kittens, reasonable persons know that considering the unfinished nature of attics it was to be expected that dangers might exist and that plaintiff would have to exercise caution. Moreover, the landowner is not liable for an injury resulting from a condition which should have been observed by an individual in the exercise of reasonable care or which was as obvious to a visitor as to the landowner. Shelton, supra. The record is void of any evidence that the floored portion is similar in appearance to the uncovered portion and it was uncontroverted that the lighting in the attic was sufficient to provide adequate illumination. David's husband's appreciation of the dissimilarity of the flooring reveals that he was clearly able to distinguish the flooring and take precautions to avoid stepping through the ceiling. We conclude that Reon breached no duty. Therefore, the trial court was manifestly erroneous in its determination that Reon was at fault in any way.
Having concluded that Reon breached no duty as landowner, we need not continue the duty-risk analysis.
For the foregoing reasons, the judgment of the trial court is reversed and set aside. It is Ordered, Adjudged and Decreed that Toni David's claim against State Farm is dismissed with prejudice. Costs of this appeal and the trial court are assessed to Toni David.
REVERSED AND RENDERED.
NOTES
[*] Judge William A. Culpepper, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.