707 So.2d 1038 (1998)
Harry Dale LeJEUNE, Plaintiff-Appellant,
v.
RIVIANA FOODS, Defendant-Appellee.
No. 97-1091.
Court of Appeal of Louisiana, Third Circuit.
February 18, 1998.
Writ Denied May 1, 1998.
*1039 Michael W. Robinson, Eunice, for Harry Dale LeJeune.
Jeffrey Paul Robert, Lafayette, for Riviana Foods.
Joana O. Labruyere, Opelousas, for Louisiana Employer's Safety Association.
Before COOKS, SAUNDERS and DECUIR, JJ.
COOKS, Judge.
Plaintiff, Harry Dale Lejeune, appeals the trial court's judgment dismissing his suit for damages stemming from a fall he sustained when he allegedly stepped on an uneven section of concrete at a rice mill owned by Riviana Foods. For the following reasons, we affirm.

FACTS
In October 1995, Harry Dale LeJeune was employed as a truck driver by Egan Rice Dryer, Inc. His job duties entailed hauling and delivering rice to mills. On October 10, 1995, LeJeune delivered a load of rice to Riviana Rice Mill in Crowley, Louisiana. To deliver the rice, LeJeune first drove his truck on a scale, stepped down from the cab and walked to the ticket office to get his weight ticket for a full load. This was done without mishap. He went back to his truck and drove to unload the rice. He then returned to the scale area, stepped down from the cab and walked to the scale office to get his weight ticket for the empty truck. Obtaining the empty weight ticket, he returned to his truck; but, he decided to go back to the office to find out what had been paid for by Riviana Foods. Upon exiting his cab he stepped on an uneven concrete surface, fell and injured his foot and hand.
LeJeune filed suit asserting Riviana Foods was liable for his injury as a result of an alleged defect in its rice mill premises. Specifically, LeJeune pointed out there was a differential in height between one section of concrete which enclosed the weighing scales where various trucks were weighed and the concrete apron surrounding the business office.
After a trial, the lower court dismissed LeJeune's claim finding he failed to carry his burden of proving a defect on defendant's premises which posed an unreasonable risk of harm to him. LeJeune lodged this appeal, asserting the trial court erred by dismissing his suit.

ANALYSIS
When an individual is injured as a result of an unreasonably dangerous condition existing on a landowner's property, he can recover damages relying on either La. Civ.Code art. 2315, which is the basis of general negligence liability, or La.Civ.Code art. 2317, which provides for a strict liability theory of recovery. Owners and occupiers of land have a duty to discover any unreasonably dangerous conditions existing on their premises and to either correct those conditions or warn victims of their existence. Silliker v. St. Landry Parish Police Jury, 520 So.2d 880 (La.App. 3 Cir.1987).
The difference in proof between a negligence claim based on La.Civ.Code art. 2315 and a strict liability claim resting on La.Civ.Code art. 2317 is that Article 2315 requires that plaintiff show the owner, or person in custody of the premises, either knew or should have known of the risk, whereas Article 2317 relieves plaintiff from having to prove defendant's scienter. Finley v. State Farm Insurance Co., 598 So.2d 537 *1040 (La.App. 1 Cir.1992). However, under either liability theory, plaintiff first has the burden of proving: (1) the property which caused the damage was in the custody of the defendant; (2) the property was defective because it had a condition that created an unreasonable risk of harm to persons on the premises; and, (3) the defect in the property was a cause-in-fact of the resulting injury. Morell v. City of Breaux Bridge, 94-1378 (La.App. 3 Cir. 5/31/95), 660 So.2d 882.
Property owners are not insurers of the safety of visitors, but only owe a duty to keep their premises in a safe condition for use in a manner consistent with the purposes for which the premises are intended. David v. Reon, 520 So.2d 820 (La.App. 3 Cir.1987), writ denied, 522 So.2d 564 (La.1988). Furthermore, not every minor imperfection or irregularity will give rise to strict liability. The defect must be of such a nature to constitute a dangerous condition, which would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances. Koppie v. Commercial Union Insurance Company, 478 So.2d 179 (La.App. 3 Cir.), writ denied, 479 So.2d 922 (La.1985). In other words, the owner of the premises cannot be held responsible for any risk posed by his property, only those presenting an unreasonable risk of harm to others. David, 520 So.2d 820. In determining whether a given condition is unreasonably dangerous, the degree to which the danger may be observed by a potential victim who may then provide self-protection is a major factor. Silliker, 520 So.2d 880.
LeJeune traversed the area where the fall occurred on numerous occasions, both on the day of the accident and on previous trips to the rice mill. LeJeune admits in his brief he "traversed the scales four times before he actually fell." LeJeune visited Riviana Mill a number of times prior to the date of the accident. LeJeune also stated he twisted his ankle on a prior occasion, although he made no mention of it to defendant's personnel.
The trial judge found if plaintiff had been exercising reasonable care, he could have avoided the area of the mishap as he had done on other occasions. We also note the trial judge actually visited and inspected the site where the accident occurred. Reviewing the entire record, we cannot say the trial judge erred in finding the area where the accident occurred was not unreasonably dangerous and the slight differential in height between the concrete surfaces were nothing more than minor imperfections that should have been observed by someone exercising reasonable care. Because LeJeune failed to meet his burden of proving a defect which created an unreasonable risk of harm, he cannot recover under either negligence or strict liability.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.