# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


**04-1123**


**REGINALD JAMES BELL**

**VERSUS**

**THE GOLD RUSH CASINO and**
**OM OPERATING, LLC**


************

**APPEAL FROM THE**
**TWENTY-SEVENTH JUDICIAL DISTRICT COURT,**
**PARISH OF ST. LANDRY, NO. 03-C-1407-C,**
**HONORABLE ALONZO HARRIS, DISTRICT JUDGE**


************

**JAMES T. GENOVESE**
**JUDGE**


************

Court composed of Chief Judge Ulysses Gene Thibodeaux, Billy H. Ezell and James T. Genovese, Judges.

**REVERSED AND REMANDED.**

**James P. Doherty, III**
**Voorhies & Labbé**
**Post Office Box 3527**
**Lafayette, Louisiana 70502**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
        The Gold Rush Casino
        OM Operating, LLC


**Anne E. Watson**
**Dupré & Watson, L.L.C.**
**232 North Liberty Street**
**Opelousas, Louisiana 70570**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
        Reginald James Bell

GENOVESE, Judge.

The Defendants, Gold Rush Casino and OM Operating, LLC, appeal the judgment of the trial court granting a motion for partial summary judgment on the issue of liability in favor of the Plaintiff, Reginald J. Bell. Specifically, the issue is whether the record on appeal presents a genuine issue of material fact. Finding that it does, we reverse and remand for further proceedings.

## DISCUSSION OF THE RECORD

Plaintiff, Reginald Bell, alleged in his petition that his injuries occurred on March 9, 2003, while he was descending a flight of three steps inside the Gold Rush Casino near Opelousas, St. Landry Parish, Louisiana. The petition stated in part, ". . . there was a piece of bolt protruding from the stairs, which caught on Plaintiff's pants, contributing to his fall." Additionally, the petition alleged that the accident was due to the negligence and/or strict liability of Gold Rush in failing to provide handrails to assist patrons in traversing the stairs; in failing to properly light the stairs and premises, particularly since Gold Rush was aware that at least one other patron had allegedly fallen in the same area; and, in failing to remove the piece of protruding bolt.

Pursuant to a status conference held on August 28, 2003, a scheduling order was issued setting this matter for trial on January 29, 2004. On November 10, 2003, Plaintiff filed a motion for partial summary judgment on the issue of liability alleging negligence and strict liability under Louisiana Civil Code Articles 2315 and 2317. Plaintiff's motion was originally set for hearing on December 5, 2003; however, the hearing was continued by agreement of the parties in order to pursue settlement discussions and mediation.

On December 22, 2003, Plaintiff's counsel filed a motion to reset the hearing

1

on the summary judgment. The trial court reset the hearing for January 22, 2004, seven days prior to trial.

In Defendants' memorandum in opposition to the motion for partial summary judgment filed on January 21, 2004, defense counsel objected to the court's hearing of this motion so close to trial, specifically noting that La.Code Civ.P. art. 966(D) mandates that a ruling on a motion for summary judgment shall not be rendered less than ten days prior to trial. However, Defendants did not seek a continuance of said trial date. Nonetheless, the trial court heard arguments on Plaintiff's motion on January 22, 2004, and rendered written reasons for judgment granting Plaintiff's motion for partial summary judgment on the issue of liability on January 26, 2004, only three days prior to the scheduled trial. The judgment granting Plaintiff's motion for partial summary judgment was designated a final judgment under La.Code Civ.P. art. 1915 by the trial court. This appeal by Defendants followed.

## ISSUES

On appeal, Defendants contend that the trial court erred in: (1) rendering a judgment on a motion for summary judgment less than ten days prior to the trial; (2) granting Plaintiff's motion for summary judgment when genuine issues of material fact exist as to an unreasonable risk of harm; (3) finding that Defendants had a duty to install handrails on steps; (4) failing to consider Plaintiff's comparative fault; and (5) considering the deposition testimony of individuals from a separate civil proceeding.

## DISCUSSION

### TIMELINESS OF COURT'S RULING

Plaintiff moved for summary judgment on the issue of liability on November 10, 2003, more than two months before the trial. The original hearing date of

2

December 5, 2003 was continued by agreement of the parties to pursue mediation and settlement negotiations. Pursuant to Plaintiff's motion to reset filed on December 22, 2003, the trial court reset the hearing on Plaintiff's motion for partial summary judgment for January 22, 2004.

The requirement of La.Code Civ.P. art. 966(D) that a judgment on the motion be rendered at least ten days prior to the scheduled trial date prevents the parties from being burdened with unnecessary trial preparation. *Lassere v. State*, 00-306 (La.App. 1 Cir. 3/28/01), 808 So. 2d 513; *Bell v. Uniroyal, Inc.,* 96-2838 (La.App. 4 Cir. 6/11/97), 696 So.2d 268. Though the time requirements in this case were not met, it is noted that neither party sought a continuance of the trial. Though Defendants assert being burdened, this does not equate to prejudice and does not invalidate a ruling on summary judgment.

Two other courts, the second and fourth circuit, have held that the violation of La.Code Civ.P. art. 966(D), which calls for summary judgments to be rendered at least ten days before the trial date, was not a ground to reverse a summary judgment absent prejudice to the opposing party. In *Strong's Plumbing, Inc. v. Leon Angel Constructors, Inc.*, 35,105 (La.App. 2 Cir. 10/12/01), 796 So.2d 926, the trial court rendered summary judgment only three days before trial date.

In *Bell,* the trial court rendered summary judgment eight days before the trial date. The fourth circuit held that there was no evidence that the opponent's case was prejudiced by the delay and, because it appeared that the reason for the delay was the opponent's own last-minute submission of an affidavit, the violation of La.Code Civ.P. art. 966 was not grounds to reverse the summary judgment. *Id.*

In the case at bar, following the court's rendition of written reasons for judgment granting the Plaintiff's motion for partial summary judgment, the trial court

3

granted Defendants' request for a stay of the proceedings on January 27, 2004. Thus, there was no trial on January 29, 2004. Therefore, this issue is moot because no trial took place. Defendants' case was not prejudiced by the court's ruling on the motion for summary judgment just three days prior to trial. We conclude, therefore, that Defendants' having failed to establish sufficient grounds to reverse the trial court's ruling on the summary judgment on the basis of untimeliness.

## SUMMARY JUDGMENT

Appellate courts review summary judgments *de novo* using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Richard v. Hall*, 03-1488 (La. 4/23/04), 874 So.2d 131; *Goins v. Wal-Mart Stores, Inc.*, 01-1136 (La. 11/28/01), 800 So.2d 783. The appellate court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). Despite the legislative mandate favoring summary judgments found at La.Code Civ.P. art. 966(A)(2), "factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent's favor." *Willis v. Medders*, 00-2507, p. 2 (La. 12/8/00), 775 So.2d 1049, 1050; *Indep. Fire Ins. Co. v. Sunbeam Corp.*, 99-2181 (La. 2/29/00), 755 So.2d 226.

In this case, there are questions of material fact as to how the Plaintiff fell and what caused his fall. Plaintiff's petition presents a version of how the alleged trip and fall occurred that is different from a statement Plaintiff gave to his treating physician, Dr. Elemer Raffai, on his initial visit just two days after the alleged accident. Questions as to whether Plaintiff tripped because of a bolt, a light cover, and/or his

4

inattentiveness are glaring. A review of the record, including Plaintiff's petition, Plaintiff's deposition, and the notes of Plaintiff's physician from his initial visit only two days after the alleged accident, do not provide clear answers. There are also questions of law relative to comparative fault and whether or not the Defendants had a legal duty to install handrails on the steps in question. These issues were not fully considered by the trial court. Questions of fact as to the nature of Plaintiff's fall trigger the legal issue of comparative fault which cannot be adjudicated by summary judgment.

Defendants argue that the trial court erred in granting Plaintiff's motion for partial summary judgment on the issue of liability in its finding that the stairs were unreasonably dangerous, and that Defendants had notice or knowledge of their condition. Defendants claim the trial court wrongly relied on deposition testimony not elicited in these proceedings. This court articulated jurisprudence pertaining to Mr. Bell's cause of action in *LeJeune v. Riviana Foods*, 97-1091, pp. 2-4 (La.App. 3 Cir. 2/18/98), 707 So.2d 1038, 1039-40, *writ denied*, 98-749 (La. 5/1/98), 718 So.2d 418:

> When an individual is injured as a result of an unreasonably dangerous condition existing on a landowner's property, he can recover damages relying on either La.Civ.Code art. 2315, which is the basis of general negligence liability, or La.Civ.Code art. 2317, which provides for a strict liability theory of recovery. Owners and occupiers of land have a duty to discover any unreasonably dangerous conditions existing on their premises and to either correct those conditions or warn victims of their existence. *Silliker v. St. Landry Parish Police Jury*, 520 So.2d 880 (La.App. 3 Cir.1987).
>
> The difference in proof between a negligence claim based on La.Civ.Code art. 2315 and a strict liability claim resting on La.Civ.Code art. 2317 is that Article 2315 requires that plaintiff show the owner, or person in custody of the premises, either knew or should have known of the risk, whereas Article 2317 relieves plaintiff from having to prove defendant's scienter. *Finley v. State Farm Insurance Co.*, 598 So.2d 537 (La.App. 1 Cir.1992). However, under either liability theory, plaintiff first has the burden of proving: (1) the property which caused the damage was in the custody of the defendant; (2) the property was

defective because it had a condition that created an unreasonable risk of harm to persons on the premises; and, (3) the defect in the property was a cause-in-fact of the resulting injury. *Morell v. City of Breaux Bridge*, 94-1378 (La.App. 3 Cir. 5/31/95), 660 So.2d 882.

Property owners are not insurers of the safety of visitors, but only owe a duty to keep their premises in a safe condition for use in a manner consistent with the purposes for which the premises are intended. *David v. Reon*, 520 So.2d 820 (La.App. 3 Cir.1987), *writ denied*, 522 So.2d 564 (La.1988). Furthermore, not every minor imperfection or irregularity will give rise to strict liability. The defect must be of such a nature to constitute a dangerous condition, which would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances. *Koppie v. Commercial Union Insurance Company*, 478 So.2d 179 (La.App. 3 Cir.), *writ denied*, 479 So.2d 922 (La. 1985). In other words, the owner of the premises cannot be held responsible for any risk posed by his property, only those presenting an unreasonable risk of harm to others. *David*, 520 So.2d 820. In determining whether a given condition is unreasonably dangerous, the degree to which the danger may be observed by a potential victim who may then provide self-protection is a major factor. *Silliker*, 520 So.2d 880.

*LeJeune*, 707 So.2d at 1039-40.

In opposition to Plaintiff's motion, Defendants introduced the affidavits of James Mayfield and John Sylvester, security guards at the Gold Rush casino. Both Mayfield and Sylvester state in their respective affidavits that, contrary to the allegations of Plaintiff, Reginald Bell, and Plaintiff's witness, Ronald Dupre, they were never advised, nor informed, by either Mr. Dupre or any other patron of the Gold Rush casino that handrails needed to be, or should be, installed on the steps in question. Further, Mr. Mayfield was on duty on the date of Plaintiff's alleged trip and fall and he attests that he did not find any bolts missing from the light fixture, nor did he find any other problem or defect with the light fixture on the stairs.

Plaintiff, Reginald Bell, offered the deposition testimony of Moses Williams and Ronald Dupre in support of his motion for summary judgment. Neither Williams nor Dupre were deposed relevant to these proceedings but, instead, were deposed by Plaintiff's counsel in reference to separate, ongoing litigation against these same Defendants. Plaintiff introduced these collateral depositions in an attempt to prove

6

the existence of a defect or condition in the case at bar. The trial court took these depositions into consideration when it ruled, in part, "[t]he risk that patrons would fall was greatly and clearly foreseeable, given past occurrences in which other people had fallen on those stairs." Depositions in other proceedings can be used for other purposes, such as impeachment. Depositions in other proceedings are, however, collateral depositions and are not depositions "on file" for use in summary judgments as required by La.Code Civ.P. art. 966(B) and should not be considered in a motion for summary judgment. The trial court erroneously relied upon the collateral depositions of Mr. Williams and Mr. Dupre in making its determination.

After reviewing the record, we find that the trial court erred in granting summary judgment in favor of Plaintiff, Reginald Bell. In *Brittain v. Family Care Services, Inc.*, 34,787, p. 4 (La.App. 2 Cir. 6/20/01), 801 So.2d 457, 460, the court stated:

> Even though the summary judgment procedure is favored, it is not a substitute for trial and is often inappropriate for judicial determination of subjective facts such as motive, intent, good faith or knowledge. *Oaks v. Dupuy*, 32,070 (La.App. 2d Cir. 8/18/99), 740 So.2d 263 (*citing Greer v. Dresser Industries, Inc.*, 98-129 (La.App. 3d Cir. 7/1/98), 715 So.2d 1235). One reason is that these subjective facts call for credibility evaluations and the weighing of testimony and summary judgment is inappropriate for such determinations. *Id.* Moreover, it is not a function of the trial court on a motion for summary judgment to determine or even inquire into the merits of issues raised or to weigh conflicting evidence on the existence of material facts. *See, Harrison v. Parker*, 31,844 (La.App. 2d Cir. 5/5/99), 737 So.2d 160. When affidavits and exhibits present a choice of reasonable inferences, such inferences must be viewed in the light most favorable to the party opposing the motion for summary judgment. *Tucker v. Northeast Louisiana Tree Service*, 27,768 (La.App. 2d Cir. 12/6/95), 665 So.2d 672; *Schroeder v. Bd. of Supervisors of Louisiana State Univ.*, 591 So.2d 342 (La.1991).

*Id.; see also Greer v. Dresser Indus., Inc.*, 98-129 (La.App. 3 Cir. 7/1/98), 715 So.2d 1235, *writ denied*, 98-2094 (La. 11/6/98), 728 So.2d 867.

In the case at bar, the trial court based its ruling, in part, on a finding that the

Gold Rush Casino had knowledge or notice of the existence a dangerous condition. This a judicial determination of a subjective fact, for which jurisprudence has found summary judgment inappropriate.

Considering that there are questions of material fact and unresolved legal liability issues, particularly the legal issue of comparative fault, summary judgment on the issue of liability should not have been granted.

For the above reasons, the judgment of the trial court granting Plaintiff's motion for partial summary judgment on the issue of liability is reversed and the matter is remanded for trial on the merits. Costs of this appeal are assessed against Plaintiff-Appellee, Reginald J. Bell.

**REVERSED AND REMANDED.**