STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

06-414

JANE FOSTER

VERSUS

BARBARA HENSHAW AND BARBARA HENSHAW ROBERTS

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, DOCKET NO. 2003-006858
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of John D. Saunders, Elizabeth A. Pickett, and James T. Genovese, Judges.

**AFFIRMED.**

Terrell D. Fowler
Terrell D. Fowler, A P.L.C.
625 Kirby Street
Lake Charles, Louisiana 70601
(337) 433-9900
COUNSEL FOR PLAINTIFF/APPELLANT:
    Jane Foster

Christopher P. Ieyoub
Law Offices of Plauché, Smith & Nieset, A P.L.C.
Post Office Drawer 1705
Lake Charles, Louisiana 70602
(337) 436-0522
COUNSEL FOR DEFENDANT/APPELLEE:
    Barbara Henshaw Roberts, in her capacity as independent
    executor of the succession of Defendant, Barbara Henshaw, now
    deceased

**Joel M. Lutz**
**Stutes, Fontenot, LaVergne & Lutz, L.L.C.**
**Post Office Box 1644**
**Lake Charles, Louisiana  70602**
**(337) 433-0022**
**COUNSEL FOR DEFENDANT/APPELLEE:**
 **Barbara Henshaw Roberts**

**GENOVESE, Judge.**

In this slip-and-fall case, Plaintiff, Jane Foster (Foster), appeals the trial court's granting of summary judgment in favor of Defendant, Barbara Henshaw (Henshaw), on the issue of premises liability, thereby dismissing Plaintiff's lawsuit. For the following reasons, we affirm.

## FACTS

In her lawsuit, Foster claims that she was injured when she slipped and fell on leaves which were on the concrete floor at the Henshaw residence. Foster was employed as a domestic sitter for Henshaw, an eighty-eight-year-old Alzheimer's patient, and Henshaw's daughter, Francis Gill, also an Alzheimer's patient. Foster alleges that on November 9, 2002, while attempting to retrieve the newspaper for Henshaw, she slipped and fell on damp leaves and debris on the concrete floor in Henshaw's carport. Henshaw's ownership of the residence is not in dispute.

In her deposition testimony, Foster describes her fall as follows:

> I fell when I went -- I went look for the paper, but it wasn't there. And then I heard this noise and then this automobile coming up the driveway, and it came up fast and it scared me, so I started to run in to get inside before it got to me and I fell on my way in some leaves. They had a bunch of leaves I fell on. I slipped.

Further, Foster also admits in her deposition that she was aware that leaves often accumulated in this area of Henshaw's carport. However, Foster did not testify that she told Henshaw about the leaves, or that she knew that Henshaw had knowledge of the existence of the leaves.

Foster filed suit on December 18, 2003. Also named as a defendant in Foster's original petition was Henshaw's daughter, Barbara Henshaw Roberts (Roberts), who was later dismissed as a defendant. However, due to Henshaw's death on January 30,

1

2005, Roberts remained a party in her capacity as the independent executor of her mother's estate.[1]

A motion for summary judgment was filed by Henshaw asserting that there are no genuine issues of material fact and, as a matter of law, that Foster is unable to prove certain essential allegations in her petition, i.e., (1) that damp leaves on the concrete carport created an unreasonably dangerous condition; and/or (2) that Henshaw had actual or constructive notice or knowledge of the defect. Following a hearing, the trial court granted Henshaw's motion for summary judgment. The trial court found that leaves on the ground in the garage, as described by Foster, did not create an unreasonable risk of harm and that Foster could not prove that Henshaw had knowledge of the alleged defect based on her medical condition. Foster appeals.

## ISSUE

The sole issue raised by Foster on appeal is whether the trial court erred in granting summary judgment in favor of Henshaw, thereby dismissing Foster's lawsuit.

## LAW AND DISCUSSION

"Appellate courts review summary judgments *de novo*, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate." *Richard v. Hall*, 03-1488, p. 4 (La. 4/23/04), 874 So.2d 131, 137; *Goins v. Wal-Mart Stores, Inc.*, 01-1136 (La. 11/28/01), 800 So.2d 783. The appellate court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as

---

[1]Despite Henshaw's death, this court will continue to refer to the sole remaining Defendant in this matter as "Henshaw."

2

a matter of law." *See* La.Code Civ.P. art. 966(B). Despite the legislative mandate favoring summary judgments found in La.Code Civ.P. art. 966(A)(2), "factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent's favor." *Willis v. Medders*, 00-2507, p. 2 (La. 12/8/00), 775 So.2d 1049, 1050; *Indep. Fire Ins. Co. v. Sunbeam Corp.*, 99-2181, 99-2257 (La. 2/29/00), 755 So.2d 226.

Additionally, as we explained in *LaRocca v. Bailey*, 01-618, pp. 5-6 (La.App. 3 Cir. 11/7/01), 799 So.2d 1263, 1267:

> Because this is a summary judgment case to which La.Code Civ.P. art. 966 et seq. is applicable, it is necessary to first determine who will bear the burden of proof at trial. Subpart (C)(2) of La.Code Civ.P. art. 966 explains that[:]
>> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

In the instant case, Foster bears the burden of proof at trial. This court reviewed the jurisprudence pertaining to slip-and-fall cases in *LeJeune v. Riviana Foods*, 97-1091, pp. 2-4 (La.App. 3 Cir. 2/18/98), 707 So.2d 1038, 1039-40, *writ denied*, 98-749 (La. 5/1/98), 718 So.2d 418, wherein we stated:

> When an individual is injured as a result of an unreasonably dangerous condition existing on a landowner's property, he can recover damages relying on either La.Civ.Code art. 2315, which is the basis of general negligence liability, or La.Civ.Code art. 2317, which provides for a strict liability theory of recovery. Owners and occupiers of land have a duty to discover any unreasonably dangerous conditions existing on their premises and to either correct those conditions or warn victims

3

of their existence. *Silliker v. St. Landry Parish Police Jury*, 520 So.2d 880 (La.App. 3 Cir.1987).

The difference in proof between a negligence claim based on La.Civ.Code art. 2315 and a strict liability claim resting on La.Civ.Code art. 2317 is that Article 2315 requires that plaintiff show the owner, or person in custody of the premises, either knew or should have known of the risk, whereas Article 2317 relieves plaintiff from having to prove defendant's scienter. *Finley v. State Farm Insurance Co.*, 598 So.2d 537 (La.App. 1 Cir.1992). However, under either liability theory, plaintiff first has the burden of proving: (1) the property which caused the damage was in the custody of the defendant; (2) the property was defective because it had a condition that created an unreasonable risk of harm to persons on the premises; and, (3) the defect in the property was a cause-in-fact of the resulting injury. *Morell v. City of Breaux Bridge*, 94-1378 (La.App. 3 Cir. 5/31/95), 660 So.2d 882.

Property owners are not insurers of the safety of visitors, but only owe a duty to keep their premises in a safe condition for use in a manner consistent with the purposes for which the premises are intended. *David v. Reon*, 520 So.2d 820 (La.App. 3 Cir.1987), *writ denied*, 522 So.2d 564 (La.1988). Furthermore, not every minor imperfection or irregularity will give rise to strict liability. The defect must be of such a nature to constitute a dangerous condition, which would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances. *Koppie v. Commercial Union Insurance Company*, 478 So.2d 179 (La.App. 3 Cir.), *writ denied*, 479 So.2d 922 (La. 1985). In other words, the owner of the premises cannot be held responsible for any risk posed by his property, only those presenting an unreasonable risk of harm to others. *David*, 520 So.2d 820. In determining whether a given condition is unreasonably dangerous, the degree to which the danger may be observed by a potential victim who may then provide self-protection is a major factor. *Silliker*, 520 So.2d 880.

As set forth above, summary judgment is proper, as a matter of law, if there exists no genuine issue of material fact. Since Henshaw does not bear the burden of proof at trial, Henshaw is not required, in a summary judgment proceeding, to negate all essential elements of Foster's claims. Rather, Henshaw must show an absence of factual support for one or more elements essential to Foster's claim. If Henshaw is successful, the burden of proof then shifts to Foster to produce factual support sufficient to establish that Foster will be able to satisfy her evidentiary burden of proof at trial. *LaRocca*, 799 So.2d 1263.

4

In support of her motion for summary judgment, Henshaw introduced the affidavit of Roberts attesting to Henshaw's mental and physical condition at the time of Foster's accident. Roberts' affidavit states, in pertinent part:

> Barbara Henshaw and her daughter, Francis Gill, were mentally incompetent and incapacitated;
> Barbara Henshaw and Francis Gill were physically incapable of tending to their own needs and required assistance with all activities of daily living;
> Jane Foster was hired along with various other domestic sitters to provide 24 hour care for the sole reason that Ms. Henshaw and Ms. Gill were mentally and physically incapable of caring for themselves. Specifically, Barbara Henshaw was physically and mentally incapable of identifying, understanding or remedy [sic] any condition outside the home, regardless [of] the nature of that condition[.]

Henshaw argues that Foster is unable to prove two essential elements of her claim: (1) an unreasonably dangerous condition on the Henshaw property; and (2) actual or constructive notice to Henshaw of said unreasonably dangerous condition. We agree.

In its oral reasons for judgment, the trial court stated:

> [W]hether the leaves create an unreasonable risk of harm apparently has been reviewed and based on the *Thornton* [*v. Bd. of Supervisors of Louisiana State Univ.*, 29,898 (La.App. 2 Cir. 10/29/97), 702 So.2d 72] jurisprudence, they find that those leaves there were not enough to create an unsafe area and that was with an invitee, particularly in the sense of the duty owed the [P]laintiff here was undoubtedly lower than that what was owed to the plaintiff in the *Thornton* case.
> Also, causation [has] not been shown to be [a] genuine issue of material fact by the [P]laintiff pointing out problems by the mover here and no submissions at this time showing that the leaves were in fact a cause in fact of the alleged injury. And then finally that the [D]efendant had actual or constructive knowledge of the risk. It is apparent based on the affidavit of the daughter, Barbara Henshaw Roberts[,] that knowledge cannot be imputed or established based on the medical condition [of Defendant, Barbara Henshaw].

The plaintiff in *Thornton* slipped and fell on damp leaves while walking down a concrete ramp to exit the Louisiana State University Medical Center building in Shreveport. The second circuit affirmed the trial court's granting of summary

judgment because the plaintiff admitted in her deposition that she was aware of the leaves covering the walkway and the possible danger said leaves could pose.

In the instant case, it is undisputed that Foster was a hired care-giver of the incapacitated Henshaw and that part of her job was to retrieve the newspaper for Henshaw. In fact, Foster was performing that very function on November 9, 2002, when she slipped on some leaves that had accumulated outside the Henshaw residence. It is noteworthy that Foster traveled the same path to retrieve the newspaper as she traveled to quickly return to the house after being startled by a loud noise from an approaching vehicle. Having traveled the same path moments before while en route to retrieve the newspaper, Foster was certainly aware of the condition of the premises and the leaves on the concrete flooring. Foster blames the speed at which she was *running* and the leaves for her fall. She admits that she knew there were leaves on the carport. She did not fall going out to get the newspaper; she fell *running* back to the house. The mere presence of leaves on a concrete floor in the fall (November) does not create an unreasonably dangerous condition. Additionally, Foster failed to prove that Henshaw had actual or constructive knowledge of the condition of the premises, despite her mental incapacity. Foster failed to prove not only one but two essential elements of her slip-and-fall claim. Given the facts presented and the applicable law, we find that the trial court was correct in granting summary judgment in favor of Henshaw and dismissing Foster's lawsuit.

## DECREE

For the above reasons, the judgment of the trial court granting Henshaw's motion for summary judgment is affirmed. Costs are assessed to Plaintiff/Appellant, Jane Foster.

**AFFIRMED.**