JOHNSON, J.,
dissenting.
hi, respectfully, dissent, in part, from the majority on the issue of whether the depositions of Symmeron Cole and Tyquin-cia Aguillard were admissible for summary judgment purposes pursuant to LSA-C.C.P. art. 966.
On appeal, Donisha Brown (“Brown”) alleged that the trial court erred in failing to apply the proper evidentiary standards in granting the motion for summary judgment when the depositions her co-workers were admitted as evidence. Brown contends that the copies of the depositions attached to the motion for summary judgment were taken in other matters filed in *678 the Civil District Court in Orleans Parish, and she was not afforded the opportunity to ask questions during those depositions.
Conversely, Checker’s Drive-In Restaurant, Inc., d/b/a Rally’s Hamburgers, Inc. (“Rally’s”) avers that Brown was given notice well in advance of its motion that the depositions would be used in this litigation, and Brown had ample time to schedule her own depositions and cross-examine the deponents. Additionally, Rally’s avers that the two deponents were co-employees of Brown who were involved in the same accident and suffered substantially the same injuries. However, Rally’s fails to acknowledge that Brown was not a party to the actions wherein those depositions were taken.
|2LSA-C.C.P. art. 1450 permits a deposition taken in one case to be used in another case brought against the same parties involving the same subject matter. Yarbrough v. Louisiana Cement Co., Inc., 370 So.2d 602, 605 (La.App. 4th Cir.1979). Depositions in other proceedings are, however, collateral depositions and are not depositions “on file” for use in summary judgments, as required by LSA-C.C.P. art. 966(B), and should not be considered in a motion for summary judgment. Bell v. Gold Rush Casino, 04-1123, p. 7 (La. App. 3 Cir. 2/2/05); 893 So.2d 969, 973.
I agree with Brown that the two depositions from her co-workers should not have been admitted for consideration of the summary judgment. The two depositions were taken for the purposes of litigating the actions brought in Orleans Parish, and Brown did not have the opportunity to cross-examine the deponents because she was not a party to their actions. Those depositions were collateral depositions and should not have been considered by the trial court in this matter. However, I find that the admissions of the depositions constituted harmless errors by the trial court. Absent the depositions of the co-workers, the trial court had sufficient evidence to conclude that there were no remaining genuine issues of material fact to decide.