# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-87


CLAYTON CHISEM

VERSUS

YOUNGER ENTERPRISES, LLC, ET AL.


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 236,138
HONORABLE GEORGE C. METOYER, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## MARC T. AMY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Marc T. Amy, and James T. Genovese, Judges.


AFFIRMED.


Russell L. Potter
Stafford, Stewart & Potter
Post Office Box 1711
Alexandria, LA   71309
(318) 487-4910
COUNSEL FOR DEFENDANTS/APPELLANTS:
       Younger Enterprises, LLC
       United Fire and Casualty Company

**Donald J. Armand, Jr.**
**Pettiette, Armand, Dunkelman, Woodley,**
**Byrd & Cromwell, L.L.P.**
**Post Office Box 1786**
**Shreveport, LA   71166-1786**
**(318) 221-1800**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Clopay Building Products Company, Inc.**

**Todd M. Ammons**
**Stockwell, Sievert, Viccellio, Clements & Shaddock**
**Post Office Box 2900**
**Lake Charles, LA   70602**
**(337) 436-9491**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **A Door-Works**

**A. Bruce Perkins, II**
**1718 Lee Street**
**Alexandria, LA   71301**
**(318) 445-3040**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Clayton Chisem**

**Stacy C. Auzenne**
**Auzenne Law Firm, L.L.C.**
**Post Office Box 11817**
**Alexandria, LA   71315-1817**
**(318) 880-0087**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Clayton Chisem**

**AMY, Judge.**

The plaintiff alleges that he sustained injury when an industrial garage door stopped suddenly, causing broken glass to fall on him. The plaintiff named numerous defendants in the resulting suit, including the manufacturer and seller of the garage door, the business that installed the door, and the company that performed an inspection of the door after it was installed. The company that performed the inspection filed a motion for summary judgment, alleging that, although its inspection noted a number of repairs that were necessary for the door's operation, those repairs were never acted upon by the manufacturer/seller, and, therefore, it was not liable for the plaintiff's injuries. The trial court entered summary judgment, dismissing the plaintiff's claims against that defendant. The defendant manufacturer/seller and the defendant installer appeal that judgment. For the following reasons, we affirm.

## Factual and Procedural Background

The plaintiff in this case, Clayton Chisem, was employed by Firestone Complete Auto Care Kings Country in Pineville, Louisiana, in September 2008 when he sustained injury at work. He alleges that the incident occurred as he was attempting to close one of the facility's rolling garage doors. The door abruptly stopped while he was doing so, causing the door's glass to shatter and fall onto him. The plaintiff asserts that he sustained serious bodily injury as a result.

The plaintiff filed this matter, naming a number of defendants, including the manufacturer/seller of the subject door, Clopay Building Products Company, Inc.. According to the exhibits filed in this matter, Clopay is a seller of doors, but does not install, maintain, or repair the doors. Rather, it relies on installation businesses to do so.

In this case, the subject door as well as others at the Firestone facility were installed by Younger Enterprises, LLC in 2007. In addition to Clopay, the plaintiff named Younger, and its insurer, United Fire and Casualty Company, as defendants in this matter (collectively referred to as Younger herein).

According to Clopay's exhibits, Firestone contacted Clopay three times between the 2007 installation and the plaintiff's September 2008 injury regarding operation of the doors. Clopay's Customer Service Supervisor, Michelle Romie, explained in her affidavit that it sent a Younger technician to address the first problem in October 2007. Thereafter, in December 2007, Clopay once again received a complaint regarding the inoperability of a door at the facility. However, and according to Ms. Romie's affidavit, Younger advised Clopay that it would not be able to immediately respond. As a result, Clopay contacted a different installation company, A Door-Works, Inc., to respond to the complaint and to determine the origin of the recurring problem.

Joy Abshire, the primary shareholder and operator of A Door-Works, explained in her deposition that her son, Jarred Abshire, A Door-Works' lead installer, performed the initial service call and resolved the cable problem associated with the complaint. Mr. Abshire confirmed in his own deposition that the door causing the problem was not the one now involved in this suit. Ms. Abshire testified that she and her husband subsequently visited the Firestone facility in response to Clopay's request to provide an estimate to repair the doors. She explained that she reviewed all of the doors, generating a four-page estimate, dated January 20, 2008.

In her deposition, Ms. Abshire described the overall installation as the poorest she had witnessed. Ms. Abshire testified that, in addition to providing

2

Clopay with the description of needed repairs, which she did by fax, she spoke on more than one occasion with a Clopay representative regarding the hazards posed by the poor installation. Clopay contests being advised as such. Despite A Door-Works' estimate of the necessary repairs, Clopay did not authorize the work suggested by the installer. According to Ms. Abshire, A Door-Works was next contacted by Clopay regarding the Firestone site in mid-September 2008, *after* the accident now at issue.

After being named as a defendant in the plaintiff's supplemental and amending petition, A Door-Works filed a motion for summary judgment seeking dismissal of the plaintiff's claims in light of its contention that it was only hired by Clopay to inspect the doors and was not authorized to repair the doors. The plaintiff, Clopay and Younger opposed the motion. Following a hearing, the trial court entered summary judgment, dismissing the plaintiff's claims against A Door-Works.

Younger and Clopay have appealed the judgment.[1]

## Discussion

In its suit against A Door-Works, the plaintiff alleged that the installer was negligent in a variety of capacities, including failure to repair and to properly inspect the premises. The plaintiff alternatively alleged that A Door-Works was a manufacturer for products liability purposes. This latter claim is not the focus of this appeal as the parties do not assert that A Door-Works played any role in the manufacture of the door in question. Neither does the evidence support such an allegation. Rather, the focus of the motion for summary judgment and the focus of our inquiry here is the plaintiff's claim that A Door-Works was negligent in its role

---

[1] The plaintiff also appealed. However, that appeal was later dismissed.

in the events at issue. *See* La.Civ.Code art. 2315(A) ("Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."). In addition to A Door-Works, the plaintiff in this case named a number of defendants, including the two appellants in this case. Thus, as the plaintiff's own appeal has been dismissed, this review is in the unique context of the oppositions filed by co-defendants.

Undoubtedly, under the dictates of La.Civ.Code art. 2323,[2] more than one party may be at fault for the damages alleged by the plaintiff. In considering liability under La.Civ.Code art. 2315, Louisiana courts utilize a duty-risk analysis. *See Fontenot v. Patterson Ins.*, 09-0669 (La. 10/20/09), 23 So.3d 259. Under that analysis, "a plaintiff must prove that the conduct in question was the cause-in-fact of the resulting harm, that [the] defendant owed a duty to [the] plaintiff which [the] defendant breached and that the risk of harm was within the scope of protection afforded by the duty breached." *Id.* at 267 (quoting *Campbell v. La. Dep't of Transp. & Dev.*, 94-1052, p. 5 (La. 1/17/95), 648 So.2d 898-901).

Further, we consider this case in the procedural context of a summary judgment. In this regard, Louisiana Code of Civil Procedure Article 966(B)(2) provides that a trial court shall render summary judgment if "the pleadings,

_____

[2] Louisiana Civil Code Article 2323(A) provides:

> In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty, and regardless of the person's insolvency, ability to pay, immunity by statute, including but not limited to the provisions of R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable. If a person suffers injury, death, or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death, or loss.

depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show that there is *no genuine issue of material fact*, and that mover is entitled to judgment as a matter of law." (Emphasis added.) In setting forth the burden of proof, La.Code Civ.P. art. 966(C)(2) provides that "[t]he burden of proof remains with the movant." If, however, the movant will not bear the burden of proof at trial, the movant's burden is "to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." *Id.* If the adverse party does not, in turn, "produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact." *Id.*

On review, an appellate court reviews a trial court's ruling on a motion for summary judgment de novo. *La. High Sch. Athletics Ass'n, Inc. v. State*, 12-1471 (La. 1/29/13), 107 So.3d 583. Having considered the parties' submissions under this standard, we find no error in the trial court's granting of A Door-Works' motion for summary judgment, dismissing the plaintiff's claims against it.

A Door-Works' submission demonstrated its limited role in this matter. According to Ms. Abshire's deposition testimony, A Door-Works was contacted by Clopay at the end of 2007 to repair one of the garage doors at Firestone. The technician performing that repair confirmed that the door it repaired was not the one at issue. Within the next month, Ms. Abshire and her husband returned to Firestone to assess the doors and provide insight as to why Clopay was receiving repeated complaints from Firestone. A Door-Works then forwarded a January 20, 2008 estimate of the four-pages of repairs that it proposed. Ms. Abshire confirmed that it did not receive authorization from Clopay to proceed with repairs. A Door-

5

Works was next contacted regarding the Firestone doors, almost eight months later, in September 2008, after the accident. Ms. Abshire confirmed that A Door-Works' contract was with Clopay, not Firestone. In fact, she explained in her deposition that it was typical for her to inform the manager of a business of her purpose at the site, but that she would not typically inform those on the premises of her findings. Rather, she reported her findings to Clopay. When she provided her estimate to Clopay, however, it did not authorize the needed repairs.

In reference to the burden of proof of La.Code Civ.P. art. 966(C)(2), the trial court correctly determined that A Door-Works, as the moving party, adequately pointed out "an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." Chiefly, the tenuous relationship between the plaintiff, an employee of Firestone, and A Door-Works, an independent installer sent by Clopay, points out a lack of factual support for the plaintiff's burden of proving that he was owed a duty by A Door-Works. Given the lack of relationship between those two actors and the distance in time between A Door-Works' inspection and the September 2008 accident, the remaining elements of the duty-risk analysis are implicated as well.

With A Door-Works' initial burden under Article 966(C)(2) satisfied, the opposing parties were obligated to "produce factual support sufficient to establish that [they would] be able to satisfy [their] evidentiary burden of proof at trial[.]" In review of the opposing parties' submissions, we conclude that they did not produce sufficient evidence in this regard.

Here, we specifically address the appellants' concerns in this court. As noted above, Ms. Abshire testified that, in addition to the four-page itemized estimate forwarded to Clopay in January 2008, she verbally informed a Clopay

6

representative of the hazards associated with those deficiencies. However, Clopay suggests that its submission demonstrates genuine issues of material fact in light of the affidavit of its Customer Service Supervisor, Ms. Romie. Therein, Ms. Romie acknowledged receipt of the January 2008 estimate, but denied that the estimate addressed Clopay's specific concern as to why the Firestone garage "doors were stuck in the down position" and further denied that the "estimate stated or suggested that any of the doors presented any risk or hazard." To the extent that there is a discrepancy between Ms. Abshire's recollection of her communication with Clopay and Clopay's reporting of any such communication, that issue is not a "material fact" in the context of the plaintiff's claim against A Door-Works, the focus of this motion for summary judgment. Instead, the supreme court has explained that:

> A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. "[F]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." Simply put, a "material" fact is one that would matter on the trial on the merits.

*Smith v. Our Lady of the Lake Hosp.*, 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751 (citations omitted).

This definition makes it clear that the disputed fact pointed to by Clopay is material only in the context of relationship between A Door-Works and Clopay or in the context of Clopay's ultimate satisfaction of its own duty to the plaintiff. However, the record does not include an incidental demand filed by Clopay against A Door-Works. Rather, the motion for summary judgment now at issue was brought by A Door-Works to the claim filed by the plaintiff. Clopay's claim or defense against A Door-Works is not otherwise preserved in the proceedings. In

this context, the materiality of the disputed fact focused upon by Clopay is not apparent.

On this point, we note that Clopay refers this court to *Bell v. Gold Rush Casino*, 04-1123 (La.App. 3 Cir. 2/2/05), 893 So.2d 969, for the proposition that issues of comparative fault cannot be adjudicated by summary judgment in the presence of questions of fact regarding notice of a dangerous condition. Clopay suggests that, under the reasoning of *Bell*, "[i]f A Door[-]Works did observe a hazardous condition but failed to notify Firestone or Clopay of the hazard, A Door[-]Works could be liable, at least in part, for plaintiff's damages." However, the present case is distinguishable from *Bell*. Notably, the potential comparative fault discussed in *Bell* was between the plaintiff and the defendant. As discussed, above, the opponents to the motion for summary judgment did not produce evidence indicating the presence of a duty owed by A Door-Works to the plaintiff. Otherwise, there is no incidental demand in the record which formalizes any claim by Clopay against A Door-Works.

Similarly, we find no merit in Younger's contention that the trial court erred in granting "summary judgment that A Door-Works was not negligent despite its failure to warn users that the garage doors presented a hazardous condition." Younger contends that evidence suggests that A Door-Works should have informed Firestone personnel of the hazards associated with the installed doors' condition at the time of the January 2008 inspection. However, recall that the only evidence introduced established a relationship between A Door-Works and Clopay, not a relationship between A Door-Works and Firestone. Neither did any of the parties in opposition present evidence, testimonial or otherwise, regarding industry standards as to any duty owed by A Door-Works to site employees in this instance.

Rather, the evidence was simply insufficient in this regard. Further, and as with Clopay, the record does not include an incidental demand formalizing Younger's defenses and demands against A Door-Works. It merely appeared in opposition to A Door-Works' motion for summary judgment seeking dismissal of the plaintiff's claim against it.[3]

For these reasons, we find that the trial court appropriately entered summary judgment, dismissing the plaintiff's claims against A Door-Works.

### DECREE

For the foregoing reasons, the summary judgment entered by the trial court is affirmed. All costs of this appeal are assigned equally to the appellant, Clopay Building Products Company, Inc., and to appellants, Younger Enterprises, LLC and United Fire and Casualty Company, Inc.

**AFFIRMED**.

---

[3] As addressed above, La.Civ.Code art. 2323 anticipates that multiple actors may be found to be at fault. However, it merits observation that La.Code Civ.P. art. 966(F) provides:

> F. (1) When the court grants a motion for summary judgment in accordance with the provisions of this Article, that a party or nonparty is not negligent, not at fault, or did not cause, whether in whole or in part, the injury or harm alleged, that party or nonparty shall not be considered in any subsequent allocation of fault. Evidence shall not be admitted at trial to establish the fault of that party or nonparty nor shall the issue be submitted to the jury nor included on the jury verdict form. This Paragraph shall not apply when a summary judgment is granted solely on the basis of the successful assertion of an affirmative defense in accordance with Article 1005, except for negligence or fault.
>
> (2) If the provisions of this Paragraph are applicable to the summary judgment, the court shall so specify in the judgment. If the court fails to specify that the provisions of this Paragraph are applicable, then the provisions of this Paragraph shall not apply to the judgment.