STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

06-392

MARSHALL GAS & OIL, LLC

VERSUS

THE CORPORATION OF HAVERFORD COLLEGE, ET AL.

**********
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2003-4601 "J"
HONORABLE KRISTIAN D. EARLES, DISTRICT JUDGE
**********

GLENN B. GREMILLION
JUDGE

**********

Court composed of Sylvia R. Cooks, Michael G. Sullivan, and Glenn B. Gremillion, Judges.

AFFIRMED.

William H. Parker, III
James H. Gibson
Charles M. Kreamer
Allen & Gooch
P. O. Drawer 3768
Lafayette, LA 70502-3768
(337) 291-1300
Counsel for Plaintiff/Appellant:
    Marshall Gas & Oil, LLC

**Jack Marks Alltmont**
**Max Nathan, Jr.**
**Sharon Cormack Mize**
**Sessions, Fishman, et al**
**201 St. Charles Ave., 35th Fl**
**New Orleans, LA 70170-3500**
**(504) 582-1500**
**Counsel for Defendant/Appellee:**
**Yale Law School**

**Peter J. Butler**
**Peter J. Butler, Jr.**
**Richard G. Passler**
**Breazeale, Sachse & Wilson, LLP**
**909 Poydras St., Suite #1500**
**New Orleans, LA 70112**
**(504) 584-5454**
**Counsel for Secondary Defendant/Appellant:**
**Dr. Stephen Cook**

**A. J. Gray, III**
**Gray Law Firm**
**P. O. Box 1467**
**Lake Charles, LA 70602-1467**
**(337) 494-0694**
**Counsel for Defendant/Appellee:**
**The Corporation of Haverford College**

**Leslie Qvale Knox**
**P. O. Box 2266**
**Lake Charles, LA 70602-2266**
**(337) 990-0015**
**Counsel for Defendant/Appellee:**
**The Corporation of Haverford College**

**Bart R. Yakputzack**
**1 Lakeshore Drive, Suite 1700**
**Lake Charles, LA 70629**
**(337) 494-0694**
**Counsel for Defendant/Appellee:**
**The Corporation of HaverfordCollege**

**Robert A. Swift**
**Kohn, Swift & Graf, PC**
**1 South Broad St., Suite 2100**
**Philadelphia, PA 19107-3389**
**(215) 238-1700**
**Counsel for Defendant/Appellee:**
    **The Corporation of Haverford College**

**William E. Shaddock**
**H. Aubrey White, III**
**Stockwell, Sievert, Viccellio,**
**Clements & Shaddock, LLP**
**P. O. Box 2900**
**Lake Charles, LA 70602-2900**
**(337) 436-9491**
**Counsel for Defendant/Appellee:**
    **George School**

**John Frazier Hunt**
**Marguerite J. Ayers**
**Hunt & Ayers, LLP**
**1818 Market St., 33rd Floor**
**Philadelphia, PA 19103**
**(215) 557-8500**
**Counsel for Defendant/Appellee:**
    **George School**

**Gregory Jesse Logan**
**The Logan Law Firm**
**P. O. Box 3424**
**Lafayette, LA 70502**
**(337) 232-6210**
**Counsel for Defendant/Appellee:**
    **The J. Howard Marshall II Living Trust**

GREMILLION, Judge.

The plaintiff, Marshall Gas & Oil, L.L.C. (MGO), and the defendant, Dr. Stephen Cook, trustee of the Marshall Museum and Library, a Louisiana Charitable Trust, appeal the trial court's grant of summary judgment finding that a valid partial assignment of a note was executed by the settlor, J. Howard Marshall, II, in the funding of the J. Howard Marshall, II, Charitable Remainder Annuity Trust (CRAT). For the following reasons, we affirm.

## FACTS

The pertinent facts of this matter were laid out by the Louisiana Supreme Court in *In re Howard Marshall Charitable Remainder Annuity Trust*, 97-1718, pp. 1-3 (La. 3/4/98), 709 So.2d 662, 663-64 (alteration in the original):

> Decedent, J. Howard Marshall, II, (Mr. Marshall) was an extremely wealthy attorney and businessman who was domiciled in Houston, Texas. He died on August 4, 1995. In the years preceding his death, Mr. Marshall transferred all of his personal assets into a series of *inter vivos* trusts in an attempt to avoid the necessity for probate. The vast majority of Mr. Marshall's assets were transferred to the J. Howard Marshall, II, Living Trust (Living Trust). In addition, Mr. Marshall created a second trust, the Howard Marshall Charitable Remainder Annuity Trust (Charitable Trust) to fund his charitable pledges and donations. The Charitable Trust was funded by an interest bearing note in the amount of $2,950,000, payable to J. Howard Marshall, II, by his son, E. Pierce Marshall.

> Mr. Marshall was an income beneficiary under the terms of both trust agreements. The Living Trust provided: "During and throughout [Mr. Marshall's] lifetime, Trustee shall pay over to [Mr. Marshall] sufficient income to maintain [Mr. Marshall's] standard of living." The Charitable Trust states:

>> The Trustee shall pay to J. Howard Marshall, II (sometimes referred to as *the Recipient* ) in each taxable year of the Trust during the Recipient's life an annuity in the amount of One Hundred Ninety-four Thousand Seven Hundred Dollars ($194,700).

1

Both trusts contained a provision authorizing the trustee to invade the corpus or principal of the trust if necessary to maintain the income streams provided for in the trusts.

The instant dispute concerns the distribution of the principal of the Charitable Trust. By the terms of the trust agreement, following the death of Mr. Marshall the principal was to be distributed as follows:

DISTRIBUTION TO CHARITY. Upon the death of the Recipient, the Trustee shall distribute all of the then principal and income of the trust (other than any amount due Recipient or Recipient's estate under ¶¶ 2 and 3, above) to Haverford College, Haverford Pennsylvania, George School, Bucks County, Pennsylvania, and Yale University, New Haven, Connecticut (hereinafter referred to as *the Charitable Organizations* ) in the following proportions:

    Haverford College     40.678%

    George School         25.424%

    Yale University       33.898%

Provided, however, that if any charitable pledge from the Donor exists to any of the Charitable Organizations, the Trustee shall make the distribution in such a manner to satisfy that pledge or pledges with the balance distributed in the proportions specified.

Following Mr. Marshall's death, the trustee of the Charitable Trust, Finley L. Hilliard, a resident of Lake Charles, Louisiana, took preliminary measures to distribute the corpus of the trust to the Charitable Organizations. Mr. Hilliard contacted the Charitable Organizations in an attempt to determine the extent of outstanding pledges, if any, which were due each organization by Mr. Marshall. George School responded that Mr. Marshall owed pledges in excess of $1.1 million dollars at the time of his death, and Haverford College reported between $3.8 and $5.3 million in outstanding pledges. Yale University responded that Mr. Marshall owed no outstanding pledges to that organization. The combined pledges of George School and Haverford College easily exceed the corpus of the charitable trust.

Mr. Hilliard then filed a "Petition for Instructions" in the [14th] Judicial District Court in Calcasieu Parish, denying that the Charitable Trust was legally bound to George School and Haverford College for the claimed pledges. In his petition, Mr. Hilliard requested that the corpus of the Charitable Trust be distributed in accordance with the stated percentages without any privilege to the alleged pledges made by Mr. Marshall to Haverford College and George School. Mr. Hilliard further stated that it was Mr. Marshall's intention that the corpus of the trust would fully extinguish any and all pledges he had made to the Charitable Organizations.

2

George School, Haverford College, and Yale University responded to Mr. Finley's petition. Haverford College asserted that its pledges were valid, and further responded that under the provisions of the trust, the outstanding pledges should be paid first, with only the remainder, if any, to be distributed according to the percentages. Haverford College further expressly reserved the right to enforce any pledges not extinguished by payment against Mr. Marshall's estate. Similarly, George School responded by averring the validity of its pledges, and by reserving the right to pursue the unpaid balance of remaining pledges against Mr. Marshall's estate. George School and Yale University did not oppose the distribution of the trust corpus in accordance with the percentages provided in the Charitable Trust.

Hilliard, trustee of the Living Trust, was named as a third-party defendant in third-party petitions filed by both Haverford and George School. The Succession of J. Howard Marshall, II, which was being administered in Calcasieu Parish, was also named as a defendant in the matter. The issue before the supreme court turned on whether Louisiana had jurisdiction to open the Succession of Marshall, a Texas domiciliary. Ultimately, the supreme court held that Louisiana lacked jurisdiction to open the succession as the situs of the succession property was Texas, rather than Louisiana.

Following a trial on the merits, the Fourteenth Judicial District Court rendered a Judgment of Instructions, in which it instructed the CRAT:

1.  That the application of the trust corpus toward the payment or partial payment of any existing charitable pledges from the Settlor to any Beneficiary would constitute self-dealing within the meaning of the Internal Revenue Code, and a prohibited transaction within the meaning of the express provisions of the trust instrument;

2.  That the language of the trust instrument prohibits the satisfaction, in whole or in part, of any such charitable pledges by the Trustee, and requires that the Trustee take appropriate steps under Article 10 of the trust instrument to preserve the trust's status as a charitable remainder annuity trust; and

3

3. That the language of the trust instrument requires the Trustee to distribute the trust corpus, less any as yet sums due and owing to the Settlor or the Settlor's estate under Articles 2 and 3 of the trust instrument, and less any proper administrative expenses of the trust, to its Beneficiaries in the percentages designated in the trust instrument, to wit:

| | |
|---|---|
| Haverford College: | 40.678% |
| George School: | 25.424% |
| Yale University: | 33.898% |

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Trustee be, and is hereby, instructed to distribute the trust corpus in accordance with the Instructions set forth above, together with an appropriate accounting, within fifteen (15) days of the date on which this Judgment of Instructions shall become executory.

On August 27, 2003, the plaintiff in the instant matter, MGO, filed a Petition for Concursus in the Fifteenth Judicial District Court, seeking to have the defendants assert their claims to funds belonging to the CRAT. Named as defendants were Haverford College, George School, Yale Law School, the Living Trust, along with its trustee, Gregory J. Logan, and the Marshall Museum, along with its trustee, Dr. Cook. In conjunction with its petition, MGO deposited $2,950,000 into the registry of the court. Thereafter, Haverford College and George School filed motions for summary judgment alleging their entitlement to the CRAT funds based on various theories, including res judicata and the execution of the act of assignment. MGO then filed an Amended Petition for Concursus and Petition for Refund of Interest Payments Made in Error alleging that the partial assignment of the $2,950,000 never occurred; thus, as a holder in due course of the paid-in-full $17,355,000 promissory note, of which the $2,950,000 represented the partial assignment, it argued that it was entitled to retain the $2,950,000. Following a hearing on the merits, the trial court rendered judgment in favor of Haverford College and George School finding that no

4

genuine issues of material fact existed as to the validity of the partial assignment of the $2,950,000 funding the CRAT. Accordingly, it ordered the Clerk of Court to disburse the funds held in the registry of the court in compliance with the CRAT's terms. This suspensive appeal by MGO and devolutive appeal by Dr. Cook followed.

## ISSUES

On appeal, MGO and Dr. Cook argue that the trial court erred in admitting into evidence two affidavits attached to Haverford College and George School's motion for summary judgment. They further argue that the trial court erred in finding that summary judgment was appropriate in this matter.

## SUMMARY JUDGMENT

The law pertaining to summary judgment was discussed by the Louisiana Supreme Court in its per curiam opinion in *Hines v. Garrett*, 04-0806, pp. 1-2 (La. 6/25/04), 876 So.2d 764, 765-66 (alteration in original):

> We review a district court's grant of summary judgment *de novo*, viewing the record and all reasonable inferences that may be drawn from it in the light most favorable to the non-movant. Summary judgment is warranted only if "there is no genuine issue as to material fact and [ ] the mover is entitled to judgment as a matter of law." La.Code Civ.Proc. art. 966(C)(1). In ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party's favor.

> A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La.7/5/94), 639 So.2d 730,751. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Id.*

After reviewing the record, we find that the trial court correctly found that a valid partial assignment was executed by Marshall in order to fund the CRAT.

***Lost Document***

Haverford and George School argue that Marshall funded the CRAT through an assignment of $2,950,000, via a portion of a $17,355,000 promissory note owed to him by his son, E. Pierce Marshall. Although the CRAT was executed by Marshall and Hilliard, they claim that the signed Act of Assignment has been lost or misplaced.

Louisiana Code of Evidence Article 1004 provides that other evidence of the contents of a document is admissible if the original document is lost or destroyed, unless the proponent lost or destroyed the document in bad faith. Louisiana Civil Code Article 1832 provides that "[w]hen the law requires a contract to be in written form, the contract may not be proved by testimony or by presumption, unless the written instrument has been destroyed, lost, or stolen." Louisiana Revised Statute 13:3740 provides:

> When an instrument in writing, containing obligations which the party wishes to enforce, has been lost or destroyed, by accident, or force, evidence may be given of its contents, provided the party show the loss, either by direct testimony, or by such circumstances, supported by the oath of the party, as render the loss probable; and in this case, the judgment may, if required, order reasonable security to be given to indemnify the party against the appearance of the instrument, in case circumstances render it necessary.

A party relying on a lost document to prove its claim must advertise the document's loss in a public newspaper within a reasonable time and take the proper steps necessary to recover possession of the document. La.R.S. 13:3742.

6

In support of their claims, Haverford and George School introduced the affidavits of Hilliard and Eyvonne Scurlock, the notary public before whom the documents were executed. Both stated that the original Act of Assignment was lost. In his affidavit, Hilliard stated that he was the trustee of the CRAT, which was established on November 30, 1993, and that the Act of Assignment was executed by him and Marshall contemporaneously with the execution of the CRAT. He stated:

> I was present during the discussions relating to the Howard Marshall Charitable Remainder Annuity Trust, have served as the Trustee since its inception, and know of my own personal knowledge that J. Howard Marshall II intended to transfer the $2,950,000 interest in the promissory note dated August 25, 1993, to the Trust for the benefit of the charitable institutions identified therein as beneficiaries.

Scurlock stated that she was Marshall's administrative assistant and the secretary of Marshall Petroleum, Inc. on November 30, 1993. She stated that Marshall and Hilliard executed the CRAT document on that date, before her as notary. She further related that she was present during the discussions relating to the CRAT and that she knew Marshall intended to transfer the $2,950,000 interest in the promissory note to the CRAT for the benefit of charitable organizations listed therein.

MGO argues that Hilliard's affidavit is contradicted by his testimony from a deposition taken in the CRAT proceedings in the Fourteenth Judicial District Court. In the deposition, Hilliard was asked if he recalled applying his signature to the Act of Assignment:

Q.    Do you recall applying your signature to that document?

A.    No sir. I don't recall it, but I am sure that I did.

Q.    You have no reason to doubt that you did not sign that document?

A.     I mean I could not have signed it. I don't remember. I would think at this point I would have signed it though.

Q.     Right. Because that is how you received corpus of the CRAT?

A.     Yes, sir.

Q.     Just along those same lines let me show you a document entitled "Affidavit of Lost Document."

A.     Yes, sir. I remember this.

Q.     Ask you to identify that. In that document, Yvonne (sic) – I believe her name is Skurlock (sp) says that she recalls you signing that Act of Assignment?

A.     Okay.

Q.     So, again, you have no reason to doubt that you did not sign that Act of Assignment on November 30th 1993?

A.     No, sir. It had to be signed.

Although a deposition from another proceeding may be introduced for impeachment purposes, we find that Hilliard's testimony fails to create a genuine issue of material fact with the statements in his affidavit. *Bell v. Gold Rush Casino*, 04-1123 (La.App. 3 Cir. 2/2/05), 893 So.2d 969. Although he did not specifically recall signing his name to the CRAT, he testified that he must have done so or else the CRAT would not have been funded, which it was. He was sure that he signed the Act of Assignment. Accordingly, we find that Hilliard's deposition testimony does not create a genuine issue of material fact, when compared to his affidavit.

Haverford and George School also introduced into evidence two affidavits of publication. The notices were placed in the Lake Charles American Press, Lake Charles, Louisiana, and the Dailey Court Review, Houston, Harris

8

County, Texas advertising the lost Act of Assignment on March 29, 2004.

Based on the evidence presented, we find that the trial court correctly held that a valid Act of Assignment was executed by Marshall and Hilliard on November 30, 1993. Haverford and George School never possessed the Act of Assignment; therefore, they were entitled to prove the contents of the document via the affidavits of Hilliard and Scurlock. As their affidavits proved that the Act of Assignment was executed, the CRAT was funded by the $2,950,000 assignment and Haverford and George School were entitled to CRAT funds in the percentages provided. Accordingly, the trial court's judgment is affirmed.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed. The costs of this appeal are assessed to the plaintiff-appellant, Marshall Gas & Oil, L.L.C., and the defendant-appellant, Dr. Stephen Cook, trustee of the Marshall Museum and Library, a Louisiana Charitable Trust.

**AFFIRMED.**